# Sarah C. Rowland, Admrx., etc., Plff. in Err., *v.* Harriet E. Martin.

A mortgage given by the grantee of land and accepted by the grantor, in furtherance of the specific purpose of putting the land out of the reach of the grantor's creditors, will not be enforced.

Courts will not relieve a party from the consequences of his intentional, fraudulent act.

In such a case equity will leave the parties in the position where they have knowingly and wilfully placed themselves. Public policy forbids the intervention of the courts to relieve a fraudulent actor.

(Decided October 4, 1886.)

Error to the Common Pleas of Warren County to review a judgment for defendant ordered on a special verdict in a scire facias sur mortgage. Affirmed.

Defendant pleaded coverture, "and for further plea she saith that the said pretended indenture of mortgage is not her deed, and that she is not indebted to the plaintiff's decedent, nor was she so indebted at the impetration of the writ of scire facias."

To this plea the plaintiff replied that the mortgage was given by defendant for the consideration of real estate conveyed to her at the time of its execution.

The jury rendered a special verdict, upon which the court, WETMORE, P. J., ordered judgment for the defendant, which action of the court in ordering judgment for defendant and not ordering judgment for plaintiff, plaintiff assigned as error.

The following is the special verdict:

"On the 27th of July, 1875, the defendant, Harriet E. Martin, a married woman and wife of John G. Martin, executed and acknowledged the mortgage in suit, her husband not joining in

---

NOTE.—So, a judgment fraudulently given to hinder creditors is binding upon the parties. Harbaugh v. Butner, 148 Pa. 273, 23 Atl. 983; Hershey v. Weiting, 50 Pa. 240; Blystone v. Blystone, 51 Pa. 373; Winton v. Freeman, 102 Pa. 366.

the mortgage, but named in the body thereof. The mortgage is for the sum of $1,000, payable $150 and interest on the whole sum in one year from date, and $150 and interest on the whole sum unpaid, annually thereafter until the whole sum is paid; with proviso in said mortgage that in case of default in the payment of the interest or of any payment on the said mortgage, the mortgagee or his representatives might sue out forthwith a writ of scire facias, upon which judgment may be entered in favor of the mortgagee, and against the mortgagor, for the whole amount of the mortgage debt, together with 5 per cent on the whole sum as attorney's fees for collecting the same. The said mortgage thus executed was on the day of its date delivered by the said Harriet E. Martin to George W. Rowland, plaintiff's intestate. Said mortgage was given by defendant under the following circumstances: the plaintiff's intestate, being involved in difficulty with third parties, for the purpose of putting this land out of his hands and beyond their grasp, and thereby inducing them to settle their difficulties and demands, made a deed of the same land described in the mortgage to the defendant, said deed bearing even date with the mortgage, and the deed and mortgage constituting one transaction. Nothing was paid by the defendant to plaintiff's intestate as a consideration for the deed to her save the mortgage in suit, and an understanding between defendant and plaintiff's intestate that defendant should reconvey to plaintiff's intestate some 35 acres. That defendant took the deed and gave the mortgage at the request of the plaintiff's intestate, who was her brother, and with knowledge of his purpose and intention. That plaintiff's intestate was indebted at the time of the transaction to his father to the amount of $200 or $300, and had no property except the real estate covered by the mortgage. If the court should be of opinion on these facts that plaintiff is entitled to recover, then judgment for the plaintiff for the sum of $1,326 and costs of suit, as of this date. If the court should be of opinion that the 5 per cent attorney's commission is not recoverable, the judgment is to be $50 less than the amount above stated. If the court should be of opinion that the plaintiff is not entitled to recover, then judgment for the defendant."

*L. R. Freeman* and *D. I. Ball,* for plaintiff in error.—The mortgage of a married woman given for the purchase money of real estate will be enforced, although her husband does not join her in the mortgage. Glass v. Warwick, 40 Pa. 140, 80 Am. Dec. 566.

The obligation of a married woman, whether by bond, note, or mortgage, will be enforced against the real estate, the purchase money of which it is given to secure, although her husband is not a party to the instrument. Patterson v. Robinson, 25 Pa. 81; Ramborger v. Ingraham, 38 Pa. 146; Sawtelle's Appeal, 84 Pa. 306; Shnyder v. Noble, 94 Pa. 286; Mumma v. Weaver, 2 Pearson (Pa.) 172.

The fact that George W. Rowland gave a deed to Harriet E. Martin, and the latter gave him a mortgage upon the land so deeded to her, for the purpose of hindering and delaying those parties with whom the former had become involved in difficulty, is no defense to Mrs. Martin upon her mortgage. She cannot unravel the fraudulent transaction, or set it up as a defense against her mortgage. Williams v. Williams, 34 Pa. 312; Gill v. Henry, 95 Pa. 388; Bonesteel v. Sullivan, 104 Pa. 9; Sherk v. Endress, 3 Watts & S. 255; Evans v. Dravo, 24 Pa. 62, 62 Am. Dec. 359; Hendrickson v. Evans, 25 Pa. 441.

*Charles H. Noyes* and *Watson D. Hinckley,* for defendant in error.—Cited Quinn's Appeal, 86 Pa. 447; Glidden v. Strupler, 52 Pa. 400; Evans v. Dravo, 24 Pa. 67, 62 Am. Dec. 359.

PER CURIAM:

The specifications of error are not sustained. The plaintiff has no equity to invoke. The mortgage was given and accepted in furtherance of the specific purpose of putting the land out of the reach of the vendor's creditors.

Courts will not relieve a party from the consequences of his intentional fraudulent act. In such a case equity will leave the parties in the position where they have knowingly and wilfully placed themselves. Public policy forbids the intervention of the courts to relieve a fraudulent actor.

Judgment affirmed.